**Signed and Filed: September 9, 2014**



_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>HOWREY LLP,<br><br>　　　　　　　　　　Debtor.<br>_____<br>ALLAN B. DIAMOND, Chapter 11<br>Trustee for Howrey LLP,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JONES DAY LLP,<br><br>　　　　　　　　　　Defendant.<br>_____ | Bankruptcy Case<br>No. 11-31376DM<br><br><br>Chapter 11<br><br>Adversary Proceeding<br>No. 13-3093 DM |

MEMORANDUM DECISION ON MOTIONS TO DISMISS

I. INTRODUCTION

　　Plaintiff Allan B. Diamond, chapter 11 Trustee ("Trustee") for debtor Howrey LLP ("Howrey" or "Debtor"), filed multiple nearly identical complaints for avoidance and recovery of actual and constructive fraudulent transfers and for an accounting and turnover and other relief, seeking to recover from several law firm defendants the value of profits received by them with respect to unfinished business that previously had been handled by Debtor. Relying on District of Columbia law which in turn relies on *Jewel*

-1-

*v. Boxer*, 156 Cal. App. 3d 171 (1984), Trustee seeks to recover profits realized or to be realized by the defendant law firms from Debtor's unfinished business ("Howrey Unfinished Business"). Trustee alleges that pre-petition waivers executed by Howrey partners relieving them of their duty to account for profits made on the Howrey Unfinished Business (the "Jewel Waiver") constituted fraudulent transfers, and that the defendant law firms are liable as subsequent transferees. Several defendants moved for dismissal of the complaints, and on February 7, 2014, this court issued a memorandum decision ("First MTD Decision") explaining why it was denying the motions in part and granting them in part, with leave to amend.[1] *See Diamond v. Pillsbury Winthrop Shaw Pittman, LLP*, 2014 WL 507511 (Bankr. N.D. Cal. Feb. 7, 2014).

    In the First MTD Decision, the court relied in part on its prior decisions in *Greenspan v. Orrick Herrington & Sutcliffe (In re Brobeck, Phelger & Harrison LLP),* 408 B.R. 318 (Bankr. N.D. Cal. 2009) ("*Brobeck*"); *Heller Ehrman LLP v. Arnold & Porter LLP (In re Heller Ehrman LLP)*, 2011 WL 1539796 (Bankr. N.D. Cal. Apr. 22, 2011) ("*Heller I*"); *Heller Ehrman LLP v. Jones Day (In re Heller Ehrman LLP)*, 2013 WL 951706 (Bankr. N.D. Cal. Mar. 11, 2013) ("*Heller II*"); and *Heller Ehrman LLP v. Jones Day (In re Heller Ehrman LLP)*, 2014 WL 323068 (Bankr. N.D. Cal. Jan. 28, 2014). The *Brobeck* and *Heller* actions pertained to unfinished business that was acquired by defendant law firms after the dates

---

[1] The court entered the First MTD Decision and separate orders in the following adversary proceedings: A.P. No. 13-3056 (Haynes & Boone LLP); A.P. No. 13-3057 (Neal, Gerber & Eisenberg LLP); A.P. No. 13-3060 (Kasowitz Benson Torres & Friedman LLP); A.P. No. 13-3093 (Jones Day LLP); A.P. No. 13-3094 (Hogan Lovells US); and A.P. No. 13-3095 (Pillsbury Winthrop Shaw Pittman LLP).

of dissolution of the debtor law firms. In the *Howrey* case, however, Trustee is also seeking recovery of profits made by several defendant law firms on Howrey Unfinished Business brought to them by partners who departed <u>before</u> dissolution.

After the First MTD Decision, Trustee amended his complaints in his actions against various law firms, including seven of the eight defendant law firms that have filed the underlying motions to dismiss: Neal, Gerber & Eisenberg LLP (A.P. No. 13-3057) ("Neal"); Kasowitz Benson Torres & Friedman LLP (A.P. No. 13-3060) ("Kasowitz"); Sheppard Mullin Richter & Hampton LLP (A.P. No. 13-3062) ("Sheppard"); Jones Day LLP (A.P. No. 13-3093) ("Jones Day"); Hogan Lovells US (A.P. No. 13-3094) ("Hogan"); Pillsbury Winthrop Shaw Pittman LLP (A.P. No. 13-3095) ("Pillsbury"); and Seyfarth Shaw LLP (A.P. No. 13-3254)("Seyfarth"). He filed a new action against Perkins Coie LLP (A.P. No. 14-3032) ("Perkins"). Five of these eight firms (Neal, Kasowitz, Sheppard, Hogan, and Seyfarth) solely acquired Howrey partners prior to dissolution; the other three (Jones Day, Pillsbury, and Perkins) acquired Howrey partners both pre- and post-dissolution.

Trustee asserts four claims against all of the defendants based on their acquisition of Howrey Unfinished Business from partners who departed prior to dissolution: (1) for an accounting of unfinished business under 11 U.S.C. § 542; (2) for a turnover of profits under 11 U.S.C. § 542; (3) for an equitable accounting; and (4) for unjust enrichment. Trustee asserts an additional four claims for profits on Howrey Unfinished Business against the three firms that acquired post-dissolution partners: (1) for avoidance and recovery of the Jewel Waiver as an actual fraudulent transfer

Case: 13-03093    Doc# 48    Filed: 09/09/14    Entered: 09/09/14 17:42:15    Page 3 of 13

under 11 U.S.C. §§ 548(a)(1)(A) and 550; (2) for avoidance and recovery of the Jewel Waiver as an actual fraudulent transfer under 11 U.S.C. §§ 544 and 550 and D.C. Code § 28-3104(a); (3) for avoidance and recovery of the Jewel Waiver as a constructively fraudulent transfer under 11 U.S.C. §§ 548(a)(1)(B) and 550; (4) for avoidance and recovery of the Jewel Waiver as a constructively fraudulent transfer under 11 U.S.C. §§ 544 and 550 and D.C. Code § 28-3104(a).

The motions to dismiss the various complaints filed by the eight identified defendant law firms focused primarily on the claims relating to the pre-dissolution partners.[2] However, after the motions to dismiss were filed, the United States District Court for the Northern District of California issued a decision in four "unfinished business" adversary proceedings in Heller Ehrman, LLP, holding that the defunct law firm could not recover profits generated by hourly rate matters brought by departing attorneys to new firms. *Heller Ehrman LLP v. Davis, Wright, Tremaine, LLP*, --- B.R. ---, 2014 WL 2609743 (N.D. Cal. June 11, 2014) (the "Heller USDC Decision"). In addition, the New York Court of Appeals, in response to certifications of questions by the Second Circuit in the cases of Thelen LLP and Coudert Brothers LLP, held that a dissolved law firm's pending hourly fee matters are not partnership "property" or "unfinished business" within the meaning of New York partnership law. *In re Thelen LLP*, — N.E.3d —, 2014 WL 2931526 (N.Y. July 1, 2014) ("*Thelen*"). As a consequence of

---

[2] In A.P. No. 13-3095, Trustee asserts various claims against certain former Debtor partners who joined Pillsbury. Those claims are not part of Pillsbury's motion to dismiss and are not dealt with in this memorandum decision.

-4-

the intervening case law, Trustee and the three movants who acquired post-dissolution partners expanded the scope of the briefing to address the new decisions and their applicability in the Howrey case.

On July 29, 2014, the court held a hearing on the motions to dismiss. For the reasons stated below, the court is granting the motions to dismiss the section 542 accounting and turnover claims and the equitable accounting claims arising from pre-dissolution acquisition of former Howrey partners. It is denying the balance of the motions to dismiss.[3]

II. DISCUSSION

    **A. Trustee Has Asserted Cognizable Claims Relating to Unfinished Business Acquired Post-Dissolution**

The Heller USDC Decision holds that under California law the "unfinished business rule" of *Jewel* and its progeny is inapplicable when attorneys from a dissolving law firm join other law firms and bring with them work that the dissolving law firm necessarily could not complete. The *Thelen* decision deals with New York law and holds that the unfinished business rule does not apply to hourly rate matters.

Here, however, the law of the District of Columbia governs, and the District of Columbia courts have applied the unfinished business rule to hourly and contingency fee cases, have rejected the position that "new retention agreements" executed by former clients preclude enforcement of the unfinished business rule, and

---

[3] The eight adversary proceedings have not been consolidated but the motions were argued together. This Memorandum Decision is being filed in each of those adversary proceedings, with changes only in the caption of each.

-5-

have overruled policy objections similar to those underlying the Heller USDC Decision. *See*, *Beckman v. Farmer*, 579 A.2d 618 (D.C. 1992) and *Robinson v. Nussbaum*, 11 F. Supp. 2d 1, (D. D.C. 1997)(both discussed in more detail in the First MTD Decision).

Notwithstanding the interpretation of California law in the Heller USDC Decision and the change in New York law by the *Thelen* decision, no party has cited, and the court has not found, any change in the law of the District of Columbia since the First MTD Decision. Therefore, the court will adhere to District of Columbia law as set forth in that decision. The motions to dismiss the claims based on Howrey Unfinished Business acquired post-dissolution will be DENIED.

**B. Trustee Has Not Asserted Cognizable Claims Relating to Unfinished Business Acquired Pre-Dissolution Under Bankruptcy Code Section 542**

In the First MTD Decision, the court rejected the Trustee's attempt to use fraudulent transfer laws to recover profits on pre-dissolution matters that "no longer belonged to Debtor on the date of the critical transfer" (i.e., March 9, 2011, the date that the Howrey partners voted to dissolve the firm and adopted the Jewel Waiver). First MTD Decision at 20. The court continued:

> Stated otherwise, <u>when partners left Debtor prior to dissolution, taking Howrey Unfinished Business with them, that business itself and any future profits to be realized on it was no longer property of Debtor that could have been subsequently disposed of by the Jewel Waiver</u>, a fraudulent transfer. *Heller II,* 2013 WL 951706 at *5; *Heller I,* 2011 WL 1539796 at *5; *Brobeck*, 408 B.R. at 338.

*Id.* (emphasis added).

As the "business itself and any future profits" from it were not property of the Debtor as of the date of dissolution, the

-6-

court held that the Trustee's section 542 claims were unsustainable. *Id.* at 24-25. The court also observed that "on the date of the Jewel Waiver the Howrey Unfinished Business that had already been taken by previously departed partners did not belong to Debtor and thus there was no transfer"). *Id.* Trustee still has not demonstrated how the business taken by pre-dissolution partners was property of Debtor at the time of dissolution, and the court will abide by its prior holdings in the First MTD. The motions to dismiss the section 542 claims will be GRANTED without leave to amend.

**C. Trustee Has Not Asserted Cognizable Claims For An Equitable Accounting Relating to Unfinished Business Acquired Pre-Dissolution**

Trustee alleges that when the pre-dissolution partners left Debtor, they had a duty to account for and turn over any profits generated on account of pre-dissolution matters pursuant to D.C. Code §§ 33-104.04(b)(1) and 33-106.03(b)(3). This is based on the premise that those pre-dissolution partners had a duty of loyalty to Debtor under that law to account to the partnership and hold as trustee any property, profit or benefit derived by the partner in the conduct and winding up of the partnership business.

The duty to account for profits by those partners is found in D.C. Code § 33-106.03(b)(3), which states in relevant part:

> Upon a partner's dissociation . . . [t]he partner's duty of loyalty under § 33-104.04(b)(1) [to account for partnership profits] . . . continue[s] only with regard to <u>matters arising</u> and events occurring before the partner's dissociation. . . .

D.C. Code § 33-106.03(b)(3) (emphasis added).

Trustee argues that those pre-dissolution partners therefore had a statutory duty of loyalty to Debtor with respect to "matters

-7-

arising" prior to their departure, and alleges that the law firm defendants have collected revenues and/or profits relating to the pre-dissolution matters. Without an accounting from those law firm defendants, Trustee allegedly cannot determine the amount of the revenue received or the status of those pre-dissolution matters. He asserts that because the partners themselves had fiduciary duties to account, the law firm defendants must provide an accounting or Trustee will not have an adequate remedy at law.

The court rejects the Trustee's theory as it attempts to impose fiduciary duties owed by individual departing partners on the defendant law firms, when no such duty exists. As stated in *Heller II,* the law firm defendants do not have fiduciary obligations to the Debtor or the Trustee. *Heller II* at *5 (Defendant firm contended "that it had no fiduciary duty to Heller. The court agrees.") Because an accounting is a remedy imposed upon fiduciaries, it cannot be imposed upon those defendants here.

While the Trustee cites scant authority for the proposition that an accounting can be acquired from a non-fiduciary, that principle does not hold up under further examination. Although this court relied on *Development Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP (In re Coudert Brothers LLP),* 480 B.R. 145, 160-61 (S.D.N.Y.2012) in the First MTD Decision, its reasoning was rejected in *Thelen*. Despite Trustee's reliance on *Robinson*, that case did not extend the duty to account to a third party not previously a member of the partnership formed by the litigants.

Further, older decisions that predate modern discovery seem

-8-

out of date. More persuasive are the recent decisions relied upon by Defendants, including *Haynes v. Navy Federal Credit Union*, __ F. Supp. 2d __, 2014 WL 2591371 (D. D.C. June 10, 2014). There the district court rejected an aggrieved mortgagor's claim for an accounting, holding:

> Plaintiff's request for an accounting in equity as part of the overall relief in this case also fails, as this is a remedy premised on a breach of fiduciary duty or contract that Plaintiff does not establish. 'An accounting is a detailed statement of debits and credits between parties arising out of a contract or a fiduciary relation.' *Bates v. Nw. Human Servs., Inc.*, 466 F. Supp. 2d 69, 103 (D.D.C. 2006). Such relief may be obtained at the close of litigation ... as long as the plaintiff is able to show that the remedy at law is inadequate. (Quotation marks omitted; emphasis added.)

*Haynes*, 2014 WL 2591371, *7.

Although the Trustee's claim under this theory must fail, as discussed below, he may have an adequate remedy at law on his remaining count.

**D. Trustee Has Asserted Cognizable Claims For Unjust Enrichment Relating to Howrey Unfinished Business Acquired Pre-Dissolution**

In the similar counts in the complaints under this theory, the Trustee alleges that when the pre-dissolution partners left Howrey and joined their respective law firms, they transferred or caused a transfer of revenue and/or profits on the Howrey Unfinished Business to their new law firms. He contends that because the partners failed to account for the revenue and/or profits, a benefit has been conferred upon the respective defendants and he has a superior claim to those profits because those pre-dissolution partners had a duty to hold profits in trust as required by District of Columbia law. Because he assets that if the defendants are allowed to retain those benefits the result

-9-

will be unjust and inequitable, he seeks restitution of the amounts of profits collected and a judgment against the respective law firms in an amount of their gain.

Defendants argue that unjust enrichment under District of Columbia law requires that the plaintiff have parted with some value. They rely on cases such as *Nevius v. Africa Inland Mission Intn'l*, 511 F. Supp.2d 114 (D.D.C. 2007) and *Oceanic Exploration Co. v. ConocoPhillips, Inc.*, 2006 W.L. 2711527 (D.D.C. Sept. 21, 2006).

Those cases state that an element of unjust enrichment is that the plaintiff confer a benefit. But those cases do not rule out the situation where a plaintiff has an expectation of the benefit that it loses to a third party. In *Nevius* and *Oceanic*, the parties who bestowed the benefit had no connection with the plaintiff, nor did they deprive the plaintiff of anything it was otherwise entitled to. In contrast, cases cited by the Trustee do not state the rule in the active voice, viz., plaintiff conferred a benefit; they do so in the passive voice, viz., a benefit was conferred upon the defendant. See, for example, *State Farm Gen'l Ins. Co. v. Stewart,* 288 Ill. App.3d 678 (1997) for the proposition that:

> A plaintiff alleging an unjust enrichment may be seeking to recovery benefits which he gave directly to the defendant, or one which was transferred to the defendant by a third party.

288 Ill. App.3d at 691, citing *HPI Health Care Servs.*, 131 Ill. 2d 145, 137 Ill. Dec. 19, 545 N.E. 2d 672.

Under District of Columbia law, in *Ellipso, Inc. v. Mann,* 460 F. Supp.2d 99 (D.D.C. 2006), the court described an unjust enrichment action as a quasi-contract, a contract implied in law,

-10-

when a person retains a benefit (usually money) which in justice and equity belongs to another. Id. at 104, citing *4934, Inc. v. District of Columbia Dept. Of Employment Servs.,* 605 A.2d 50, 55 (D.C. 1992).

The court recognized that the elements of unjust enrichment are similar to those of quantum meruit, with the added element that the plaintiff must show that it would be unjust for the recipient of a benefit to retain that benefit. Id., citing *United States v. Ideal Electronics Security Co., Inc.,* 81 F.3d 240 (D.C. Cir. 1996) (internal quotation marks omitted). Similarly, the district court in *Bates v. Nw. Human Servs., Inc.,* 466 F. Supp. 2d 69 (D.D.C. 2006), cited *Ellipso* and noted that the District of Columbia Court of Appeals requires that plaintiff bringing a claim for unjust enrichment show that the plaintiff had a reasonable expectation of payment, the defendant should reasonably have expected to pay, or society's reasonable expectations of person and property would be defeated by nonpayment, citing *Heller v. Fortis Benefits Ins. Co.,* 142 F.3d 487, 495 (D.C. Cir. 1998).

The rule has been stated slightly otherwise in *Lorazepan & Clorazepate Antitrust Litigation,* 295 F. Supp. 2d 30 (D.D.C. 2003). There the court stated that to articulate a general claim for unjust enrichment, plaintiffs must establish that they conferred a legally cognizable benefit upon defendants; defendants possessed an appreciation or knowledge of the benefit; and defendants accepted or retained the benefit under inequitable circumstances.

This result is consistent with the Restatement of Restitution and Unjust Enrichment which states that if third party makes a

-11-

payment to a defendant, a claimant with a better legal or equitable right is entitled to restitution from the defendant to prevent unjust enrichment. See, RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT § 48 (2011).[4]

Taking all of this together, the court is satisfied that the Trustee has the better argument here and that he has properly stated a claim for unjust enrichment.

The pre-dissolution partners who left Debtor abrogated their responsibility under applicable District of Columbia law and as alleged, deprived Debtor of pre-dissolution partnership profits with regard to "matters arising"[5] (namely Howrey Unfinished Business) before the partners' dissociation.

With Debtor's expectations frustrated, it follows that the law firm defendants do not have a greater legal or equitable claim to the profits the pre-dissolution partners brought with them, away from Debtor.

Finally, the court will not conclude that, on the mere allegations of the complaints alone, that retention of such profits by the law firm defendants is "just" rather than what the Trustee contends is "unjust." Whether the Trustee may only recover profits on Howrey Unfinished Business attributed to the former Debtor partners themselves or he may recover all profits realized by the law firms may require the finder of fact to determine how much would be "just" to return to the Trustee and

---

[4] Defendants argue that the District of Columbia has not adopted this section of the Restatement. The Trustee argues persuasively that other provision have been adopted and this one like would be adopted too.

[5] See, D.C. Code § 33-106.03(b)(3), quoted, infra.

-12-

how much would be "unjust" to take from the defendants.  The
motions to dismiss this claim will be DENIED.

III. CONCLUSION

Counsel for the Trustee should serve and upload orders disposing of the motions to dismiss in each adversary proceeding consistent with this Memorandum Decision.  The court will hold status conferences in each adversary proceeding on October 22, 2014, at 9:30 a.m.

**END OF MEMORANDUM DECISION**